UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CENTURY 21 REAL ESTATE LLC, F/K/A
CENTURY 21 REAL ESTATE
CORPORATION,

      Plaintiffs,

 -against-         **MEMORANDUM AND ORDER**
               No. 06-CV-2861(FB) (JMA)
PARAMOUNT HOME SALES, INC. and
JEFFREY STERN,

      Defendants.
-------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
DANIEL K. WINTERS, ESQ.
Reed Smith, LLP
599 Lexington Avenue
New York, New York 10022

ZOE F. FEINBERG, ESQ.
Reed Smith, LLP
599 Lexington Avenue
New York, New York 10022

**BLOCK, Senior District Judge:**

    On September 19, 2006, the Court ordered defendants Paramount Home Sales ("Paramount") and Jeffrey Stern ("Stern") to show cause, today at 4:30 PM, why they should not be held in contempt for their continued violation of Century 21's preliminary injunction. *See* Attached Court's Memorandum and Order, dated September 19, 2006. The defendants did not appear.

    For the reasons stated on the record, the defendants are ordered to appear in Court on October 17, 2006 at 3:30 PM. Century 21 is directed to personally serve defendants

Paramount and Stern with copies of this order and the September 19, 2006 Orders. If the defendants do not appear, the Court will consider issuing a warrant for defendant Stern's arrest.

SO ORDERED.

s/Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 6, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CENTURY 21 REAL ESTATE LLC, F/K/A
CENTURY 21 REAL ESTATE
CORPORATION,

                Plaintiffs,

-against-                      **MEMORANDUM AND ORDER**
                                          No. 06-CV-2861(FB) (JMA)

PARAMOUNT HOME SALES, INC. and
JEFFREY STERN,

                Defendants.
------------------------------------------------------x



ORIGINAL
D & F
C/M

*Appearances:*
*For the Plaintiffs:*
DANIEL K. WINTERS, ESQ.
Reed Smith, LLP
599 Lexington Avenue
New York, New York 10022

ZOE F. FEINBERG, ESQ.
Reed Smith, LLP
599 Lexington Avenue
New York, New York 10022

**BLOCK, Senior District Judge:**

        Plaintiff Century 21 Real Estate LLC f/k/a Century 21 Real Estate Corporation ("Century 21") and Defendant Paramount Home Sales ("Paramount") entered into a Franchise Agreement (the "Agreement") for the operation of a Century 21 real estate brokerage office by Paramount. Defendant Jeffrey Stern ("Stern") personally guaranteed the payment of all franchise fees, minimum service fees, and any other fees, including attorneys' fees pursuant to the Agreement. In a complaint filed on November 17, 2005, Century 21 alleges that Paramount failed to report transactions, was delinquent in the payment of fees, and thus the Agreement was terminated; Century 21 further alleges that

Paramount and Stern continue to use Century 21's trademarks, service marks and logos (the "Century 21 ® Marks") (and otherwise hold themselves out as a Century 21 franchisee) in connection with real estate-related services, despite the termination of the Agreement. As Paramount and Stern have failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #16 (Clerk's Notation of Default dated September 18, 2006), Century 21 now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibit group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibit group*, 973 F.2d at 158.

Century 21 alleges that: (1) Century 21 is one of the largest real estate brokerage franchise systems in the United States and widely known as a provider of real estate brokerage services, (2) the Century 21 ® Marks are on the principal register of the United States and trademark Office, (3) those registrations are in full force and effect, (4) under the Agreement, Paramount was permitted to use the Century 21 ® Marks in

association with the operation of its Century 21 real estate brokerage businesses as part of Century 21's franchise system, provided the Agreement was fully and timely performed, (5) the Agreement specified Paramount and Stern's obligations in the event of the termination of the Agreement, including their obligation to immediately cease using the Century 21 ® Marks and to refrain from doing anything that would indicate that Paramount is a Century 21 franchisee, (6) in violation of the Agreement, Paramount was "delinquent in the payment of its accounts, because it had failed to report and pay on closed transactions since June 2004, and because it had failed to cooperate and allow Century 21 to complete an audit and because Paramount did not complete an ownership scheduled as required," *see* Verified Complaint ¶26, (7) Paramount failed to cure these defaults as requested, (8) consequently, the Agreement was terminated on January 24, 2006, and (9) Paramount and Stern continue to use Century 21 ® Marks (and otherwise hold themselves out as a Century 21 franchisee) in connection with real estate-related services.

These allegations – now deemed admitted – are sufficient to establish violations of the Lanham Act and breach of contract. *See, Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir. 1986) ("in either a claim for infringement under § 32 or a claim for unfair competition under § 43 [of the Lanham Act], a prima facie case is made out by showing the [unauthorized] use of one's trademark by another in a way that is likely to confuse consumers as to the source of the product."); *Baskin-Robbins Ice Cream v. D & L Ice Cream*, 576 F. Supp. 1055, 1059 (E.D.N.Y. 1983) (finding that defendants' continued use of a licensed trademark and failure to take steps to disassociate themselves from plaintiff after franchise agreement was terminated were valid grounds for finding

infringement under the Lanham Act). Having established these violations, Century 21 is entitled to the following remedies:

    (A) injunctive relief,

    (B) defendant's profits,

    (C) any damages sustained by the plaintiff, and

    (D) the costs of action.

*See* 15 U.S.C. §§ 1116 and 1117.

Century 21's motion for entry of a default judgment is granted. The matter is referred to the assigned magistrate judge for determination of the relief to be awarded under 15 U.S.C. §§ 1116 and 1117, and any additional damages stemming from defendants' breach of the Agreement. Additionally, by way of separate order, also dated September 19, 2006, defendants are ordered to show cause on October 6, 2006 at 4:30 P.M. why defendants Paramount and Stern should not be held in civil contempt for their continued violation of Century 21's preliminary injunction, granted by the Court on June 23, 2006. Finally, Century 21 is directed to serve defendants Paramount and Stern with copies of both orders by September 28, 2006 and forthwith to file proof of service with the Court.

**SO ORDERED.**

                                                        FREDERIC BLOCK
                                                        Senior United States District Judge

Brooklyn, New York
September 19, 2006