ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CENTURY 21 REAL ESTATE LLC, F/K/A
CENTURY 21 REAL ESTATE CORPORATION,

                 Plaintiffs,

-against-

PARAMOUNT HOME SALES, INC. and
JEFFREY STERN,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 06-CV-2861(FB) (JMA)

*Appearances:*
*For the Plaintiffs:*
DANIEL K. WINTERS, ESQ.
Reed Smith, LLP
599 Lexington Avenue
New York, New York 10022

ZOE F. FEINBERG, ESQ.
Reed Smith, LLP
599 Lexington Avenue
New York, New York 10022

**BLOCK, Senior District Judge:**

        On June 29, 2007, Magistrate Judge Azrack issued a Report and Recommendation ("R&R") recommending that a default judgment be entered against defendants, jointly and severally, in the amount of $91,251.03, reflecting $31,285.71 in trebled Latham Act damages, $39,688.36 in breach of contract damages, as well as $20,276.96 for attorneys' fees and costs. The R&R recited that "[a]ny objections to this [R&R] must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report," R&R at 11, and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's Order." *Id.* Plaintiffs' counsel mailed a copy of the R&R to defendants at their last known address on June 29,

2007, but it was returned as undeliverable. *See* Docket Entry #36. To date, no objections have been filed.

Where notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

Here, defendants were given adequate notice because they were served at the last known address of corporate defendant Paramount Homes Sales, Inc., of which defendant Jeffrey Stern is president. *See Ann Taylor, Inc. v. Interstate Motor Carrier, Inc.*, 2004 WL 2029908, at *1-*3 (S.D.N.Y. Sept. 13, 2004) (granting motion for a default judgment after service by mail at the defendants' last known address were returned as "undeliverable"). Therefore, as no error appears on the face of the magistrate judge's R&R, the Court adopts it without *de novo* review. The Clerk is directed to enter judgment in accordance with the R&R.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 17, 2007

2